**UNITED STATES of America, Plaintiff–Appellee**

v.

**Markielle Avion ANDERSON, Defendant–Appellant.**

No. 14–3293.

United States Court of Appeals, Eighth Circuit.

Submitted: June 12, 2015.

Filed: July 28, 2015.

---

1. The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Troy K. Stabenow, Asst. Fed. Public Defender, Jefferson City, MO (Laine Cardarella, Fed. Public Defender, Kansas City, MO, on the brief), for appellant.

Lauren E. Kummerer, Asst. U.S. Atty., Jefferson City, MO (Tammy Dickinson, U.S. Atty., Kansas City, MO, on the brief), for appellee.

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

PER CURIAM.

Markielle Avion Anderson pleaded guilty to possessing heroin with the to distribute, see 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing a firearm as a felon, intent see 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced Anderson to 60 months' imprisonment. Anderson appeals his sentence, and we affirm.

After arranging to sell heroin to a confidential informant, Anderson was arrested. Law enforcement recovered six grams of heroin, a scale, and a gun from inside Anderson's car. Anderson pleaded guilty and initially cooperated with authorities before ultimately choosing not to cooperate.

At sentencing, the district court granted Anderson a downward departure from a criminal-history category of VI to a criminal-history category of V because the court concluded that Anderson's criminal-history score overrepresented the seriousness of his past offenses. See USSG § 4A1.3(b)(1). The district court's calculations resulted in an advisory sentencing guidelines range of 84 to 105 months' imprisonment. After this ruling, Anderson's counsel argued that Anderson's coopera-

tion warranted a downward variance to 18 to 24 months' imprisonment. Anderson's counsel also referred the court to letters from Anderson's family and to Anderson's personal history, which included his role as a caretaker for his family. After conducting a detailed analysis of the 18 U.S.C. § 3553(a) factors, the district court concluded that a below-guidelines sentence of 60 months' imprisonment was appropriate.

Anderson's only argument on appeal is that the district court abused its discretion by imposing a substantively unreasonable sentence. We apply "a deferential abuse-of-discretion standard" when reviewing sentences for substantive reasonableness. *United States v. Robison*, 759 F.3d 947, 950 (8th Cir.2014) (quoting *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). When conducting this "narrow and deferential" review, only an "unusual case" will lead us to conclude that a sentence is substantively unreasonable. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir.2010) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir.2009) (en banc)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Robison*, 759 F.3d at 950–51 (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Black*, 670 F.3d 877, 882 (8th Cir.2012) (quoting *United States v.*

---

1. The Honorable Beth Phillips,. United States District Judge for the Western District of Mis-souri.

*McKanry,* 628 F.3d 1010, 1022 (8th Cir. 2011)).

Anderson argues that given his cooperation and personal background, the district court abused its discretion by failing to grant a larger downward variance. The district court conducted a thorough review of Anderson's criminal history and departed downward one criminal-history category. Next, the court analyzed the § 3553(a) factors, including Anderson's "history and characteristics" and "cooperation." Finally, the court varied downward and sentenced Anderson to 60 months' imprisonment—24 months *below* the bottom of the already reduced guidelines range. Given this thorough analysis, we cannot conclude that the district court abused its discretion by declining to reduce Anderson's sentence any further. *See Black,* 670 F.3d at 882.

We affirm.